IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 15-4275 JB |
| ) | |
| vs. ) | |
| ) | |
| **CHRISTOPHER GARCIA,** ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' NOTICE OF INTENT TO OFFER EXPERT WITNESS TESTIMONY AND MOTION *IN LIMINE* FOR RULING ON ADMISSIBILITY OF TESTIMONY

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the United States of America hereby provides notice to the Court and to Defendant that the United States intends to introduce into evidence at trial the expert testimony described below, and submits that all such evidence is relevant to the issues to be tried before the jury in this case and is otherwise admissible.

**Forensic Scientist Manuel S. Gomez**

The United States plans to call as a witness Albuquerque Police Department Crime Laboratory Forensic Scientist Manuel S. Gomez. Mr. Gomez will testify about the tests that he performed on the substances seized in connection with this case and his determination that the substances contained heroin and cocaine base. Mr. Gomez's testimony will include his specialized knowledge and expert opinions, and undersigned counsel will provide his resume to Defendant, through his counsel of record.

**Forensic Scientist Cheryl M. Serena**

The United States plans to call as a witness Southern Forensic Laboratory Forensic

Scientist Cheryl M. Serena. Ms. Serena will testify about the tests that she performed on the substances seized in connection with this case and her determination that the substances contained marijuana. Ms. Serena's testimony will include her specialized knowledge and expert opinions, and undersigned counsel will provide her resume to Defendant, through his counsel of record.

**Supervisor Forensic Examiner Peter Peterson, Ph.D.**

The United States plans to call as a witness Federal Bureau of Investigation Forensic Examiner Peter Peterson, Ph.D. Dr. Peterson will testify about the about the methods and practices of fingerprint identification and analysis. Dr. Peterson's testimony may include his specialized knowledge and expert opinions regarding these matters, which are derived from his education, training, and professional experience as a forensic examiner, and undersigned counsel will provide his resume to Defendant, through his counsel of record.

The proposed expert testimony involves fingerprint identification and analysis. "Fingerprint identification has been used extensively by law enforcement agencies all over the world for almost a century." *United States v. Baines*, 573 F.3d 979, 990 (10th Cir. 2009). As the proposed testimony involves routine fingerprint identification, the United States asks the Court to exercise its gatekeeping authority and hold that the proffered expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Indeed, this Court has already discussed fingerprint testimony at length, and has concluded that "fingerprint analysis is sufficiently reliable to be admissible" as expert testimony. *United States v. Gutierrez-Castro*, 805 F. Supp. 2d 1218, 1234 (D.N.M. 2011) (Browning, J.) (citing *Baines*, 573 F.3d at 992).

**Forensic Examiner Sherine Ali**

The United States plans to call as a witness Federal Bureau of Investigation Forensic Examiner Sherine Ali. Ms. Ali will testify about the about the methods and practices of fingerprint identification and analysis. Ms. Ali's testimony may include her specialized knowledge and expert opinions regarding these matters, which are derived from her education, training, and professional experience as a forensic examiner, and undersigned counsel will provide her resume to Defendant, through his counsel of record.

The proposed expert testimony involves fingerprint identification and analysis. "Fingerprint identification has been used extensively by law enforcement agencies all over the world for almost a century." *Baines*, 573 F.3d at 990. As the proposed testimony involves routine fingerprint identification, the United States asks the Court to exercise its gatekeeping authority and hold that the proffered expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Indeed, this Court has already discussed fingerprint testimony at length, and has concluded that "fingerprint analysis is sufficiently reliable to be admissible" as expert testimony. *Gutierrez-Castro*, 805 F. Supp. 2d at 1234 (citing *Baines*, 573 F.3d at 992).

**Senior Forensic Chemist Scott Wischnewsky**

The United States plans to call as a witness Drug Enforcement Administration Senior Forensic Chemist Scott Wischnewsky. Mr. Wischnewsky will testify about the tests that he performed on the substances seized in connection with this case and his determination that the substances contained heroin, a controlled substance. Mr. Wischnewsky's testimony will include his specialized knowledge and expert opinions, and undersigned counsel will provide his resume

to Defendant, through his counsel of record.

**FBI Special Agent Bryan Acee**

The United States intends to call as a witness Federal Bureau of Investigation (FBI) Special Agent Bryan Acee. Special Agent Acee is expected to testify, as further described below, as an expert in drug trafficking. Special Agent Acee's testimony will be based on his knowledge, skill, experience, and training, which is detailed in his resume that undersigned counsel will provide to Defendant, through his counsel of record.

By way of background, the United States notes here that Special Agent Acee is currently assigned to the FBI Albuquerque Division, where he primarily investigates Criminal Gang Enterprises and Mexican Drug Trafficking Organizations. He has been a law enforcement officer for more than 18 years, and has worked as a FBI special agent since March 2009. Special Agent Acee has received over 800 hours of formal training in the area of drug, firearm, and money laundering investigations from the FBI, Drug Enforcement Administration, Bureau of Alcohol, Tobacco, Firearms, and Explosives, California Highway Patrol, San Diego County Sheriff's Department, Los Angeles County Sheriff's Department, Los Angeles Police Department, and the California Department of Justice. That formal training has included over 40 formal classes. Special Agent Acee has also served as an instructor on how to conduct drug and gang investigations at the Los Angeles Police Department, California Highway Patrol and New Mexico State Police academies, as well as for other agencies. During his tenure in law enforcement, Special Agent Acee has also participated in several hundred drug investigations, including crimes involving marijuana, heroin and cocaine base. These investigations have involved several types of violations of the Controlled Substances Act (CSA), and violators acting at various levels of drug

trafficking organizations. These violators have included independent retail dealers of controlled substances, wholesale distributors, and couriers of controlled substances and proceeds. Special Agent Acee has also worked in various undercover capacities, been the handling agent for numerous confidential sources, and debriefed hundreds of defendants charged with CSA violations.

The United States anticipates that Special Agent Acee will testify, *inter alia*, that the quantity of marijuana and heroin seized in this case is a distributable amount, as opposed to a personal use amount. Special Agent Acee may also testify to the value of the marijuana and heroin.

Special Agent Acee is also anticipated to testify that the manner in which the marijuana was packaged in addition to the items seized with controlled substances is consistent with distribution.

Further, Special Agent Acee may offer testimony regarding the duties of different individuals involved in a drug trafficking scheme, a general overview of the business aspects of a drug trafficking scheme and how it involves the coordinated efforts of several different people to include people that do, among other things, the following as to marijuana: grow the marijuana, harvest the marijuana, package the marijuana, sell the marijuana, buy the marijuana, arrange for transportation of the marijuana, load the marijuana, transport the marijuana, unload the marijuana, stash the marijuana and distribute the marijuana. As to heroin, Special Agent Acee may testify as to the following: process the heroin, package the heroin, sell the heroin, transport the heroin, stash the heroin, distribute the heroin, and buy the heroin.

Special Agent Acee may also testify that each of these roles is generally separate and distinct in a drug trafficking scheme, but that sometimes people have multiple tasks.

Special Agent Acee will also testify that marijuana and heroin sales involve illicit businesses and that persons involved are paid in cash so as not to leave a "paper trail" of the illicit activity and who was involved.

Special Agent Acee has previously been recognized as a drug expert in Federal Court.

**Applicable Law**

The above information regarding the training, experience, and qualifications of the proposed witnesses in their respective fields, within the context of the testimony proffered, demonstrates that the testimony of these witnesses is both relevant and reliable. If any of the testimony outlined above is challenged, the United States respectfully submits that, pursuant to *Kumho Tire Co., Ltd. v. Carmichael*, the Court should exercise its "special gatekeeping obligation" and should determine that the testimony is admissible as the witnesses have "a reliable basis in knowledge and experience" in their fields. 526 U.S. 137, 152 (1999); *see also United States v. Charley*, 189 F.3d 1251, 1261 (10th Cir. 1999); *United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1233 (D.N.M. 2012) (Browning, J.), *aff'd sub nom. United States v. Medina-Copete*, 757 F.3d 1092 (10th Cir. 2014) .

It is within the "broad discretion" of the Court to determine the means for assessing an expert's reliability and in making the ultimate determination of reliability. *See United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000). The United States respectfully submits that, if the testimony outlined above is challenged, the Court should treat this notice as a proffer on the training, background and education of the witness and allow the witness's testimony. Specifically, the United States submits that the testimony of the witness has "a reliable basis in the knowledge and experience of the [relevant] discipline." *See Velarde*, 214 F.3d at 1208 (quoting *Kumho Tire*, 526 U.S. at 149).

Regarding the drug testimony, the Tenth Circuit consistently has recognized that the quantity of drugs is relevant and admissible evidence in proving the element of intent to distribute. *See, e.g., United States v. Jenkins,* 175 F.3d 1208, 1216 (10th Cir. 1999) (large amount of crack more than adequate to sustain jury's finding of intent to distribute); *United States v. Wood,* 57 F.3d 913, 918 (10th Cir. 1995) ("A large quantity of the drug will support a reasonable inference that a defendant intended to distribute it."). The Tenth Circuit also has recognized that the value of the controlled substance is probative of the element of knowledge. *See United States v. Johnson*, 57 F.3d 968, 972 (10th Cir. 1995); *see also U.S. v. Pulido-Jacobo*, 377 F.3d 1124, 1130 (10th Cir. 2004) ("We further note that the methamphetamine was valued between $248,000 and $2.1 million. Given the substantial value of this contraband, a rational jury could conclude that it would not likely be placed in a car without the knowledge of its occupants."); *United States v. Johnson*, 57 F.3d 968, 972 (10th Cir. 1995); *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986) (the $10,000 value of the drugs "supports the jury's finding that appellant knowingly possessed the PCP, since it is unlikely that the owner of the truck, or anyone else, would have left such a valuable substance in the truck").

Finally, agent testimony regarding the structure of drug trafficking organizations, the role of various individuals involved in moving drugs or drug proceeds, and the unlikelihood of the significant involvement of a person who does not understand the nature of what is occurring has been found to be proper expert testimony, by the Tenth Circuit and by this Court. *See United States v. Richard*, 969 F.2d 849, 854–55 (10th Cir. 1992) (upholding officer's expert testimony that "no drug dealer of a drug deal this size is going to have four persons that don't know anything about it, have them around for no reason"); *Goxcon-Chagal*, 886 F. Supp. 2d at 1222, 1242. *See also United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072 (9th Cir. 2011); *United States v. Martinez*, 358 F.3d 1005, 1010 (8th Cir. 2004) ("This court has approved the admission of expert

7

testimony to the effect that drug traffickers do not typically use couriers who are unaware they are transporting drugs where one theory of defense was that the defendant was unaware the drugs were present. . . . Furthermore, we have consistently held that it is within the discretion of the trial court to allow expert testimony concerning the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar.") (internal citations and quotations omitted); *United States v. Buchanan*, 70 F.3d 818, 832–33 (5th Cir. 1996) (upholding officer's expert testimony that "it would be unreasonable for persons trafficking crack cocaine worth $30,000 to have an uninvolved 'outsider' in the car"). While Rule 704(b) prohibits an expert from expressing a direct conclusion as to the actual mental state of the defendant, the proposed testimony, which provides the jury with information upon which to make that final conclusion but does not expressly draw that conclusion for the jury, has been found to be permissible and not to fall within "the narrow range of opinions still prohibited under Rule 704." *United States v. Richard*, 969 F.2d 849, 855 (10th Cir. 1992) (quoting *United States v. Theodoropoulos*, 866 F.2d 587, 591 (3d Cir.1989)); *United States v. Mirabal*, 2010 WL 3894137 (D.N.M. 2010) (Browning, J.) ("[T]aking the Tenth Circuit's language [in *Richard*] at face value, the only testimony that would violate rule 704(b) is testimony that the defendant had the mental state necessary to commit the crime charged. As long as it takes the jury some inferential step to get from the testimony to the defendants' mental state, the witness' testimony does not violate the rule.").

In this case, there are no novel scientific principles at play and adequate assurances of reliability are set forth above. Accordingly, if any of the testimony set forth above is challenged, this Court should rule that this evidence is admissible based on the pleadings. In the alternative, even if the Court decides that some form of hearing is necessary regarding some of the testimony, the Court may reserve ruling on the testimony's admissibility until it is offered at trial. *See United*

*States v. Nichols,* 169 F.3d 1255, 1262-63 (10th Cir.) (no abuse of discretion to decline to hold a preliminary evidentiary hearing), *cert. denied*, 528 U.S. 934 (1999).

WHEREFORE, the United States respectfully provides notice of its intent to offer the above-described expert testimony in its case-in-chief at trial because the proposed testimony has a "reliable basis in the knowledge and experience" of the witness's respective disciplines. The United States thus moves this court *in limine* to permit this expert testimony.

                          Respectfully submitted,

                          DAMON P. MARTINEZ
                          United States Attorney

                          ***Electronically Filed on 9/30/16***
                          MARIA Y. ARMIJO
                          RANDY M. CASTELLANO
                          MATTHEW M. BECK
                          Assistant United States Attorneys
                          555 S. Telshor Blvd., Suite 300
                          Las Cruces, New Mexico 88011
                          (575) 522-2304 - Tel.

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system which will send notification
to opposing counsel of record, on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney