**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            No. CR 15-4275 JB

CHRISTOPHER GARCIA,

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**[1]

    **THIS MATTER** comes before the Court on (i) the Defendant's Opposed Motion to Designate the Case Complex, filed March 28, 2016 (Doc. 56)("Motion to Declare Complex"); and (ii) the Defendant's Motion to Strike Government's Response to Defendant's Opposed Motion to Declare Case Complex and in the Alternative, Reply to Government's Untimely Response, filed May 4, 2016 (Doc. 72)("Motion to Strike"). The primary issue is whether, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the nature of the prosecution, the number of defendants, or the existence of novel questions of fact or law, make this case so complex that it is unreasonable to expect the defendant to adequately prepare for trial within the 70-day time limit established by 18 U.S.C. § 3161(c)(1). The Court held a hearing on May 6, 2016. Because the Court concludes that the present prosecution does not warrant a complex designation at this time,

---

[1]In its Sealed Memorandum Opinion and Order, filed October 25, 2016 (Doc. 126)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court publishes a public version. <u>See</u> Sealed MOO at 1 n.1. The Court gave the parties 14 calendar days to provide notice of any proposed redactions. <u>See</u> Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

the Court will (i) deny the Motion to Declare Complex, without prejudice to its renewal at a later date, and (ii) deny the Motion to Strike.

## FACTUAL BACKGROUND

For the purpose of its consideration of the Motion to Declare Complex, the Court pulls its recitation of the facts from the Indictment, filed December 1, 2015 (Doc. 1); the Superseding Indictment, filed March 16, 2017 (Doc. 48); the Motion to Declare Complex; and the United States' Response to Defendant's Motion to Designate Case Complex (Doc. 56), filed May 3, 2016 (Doc. 70)("United States' Response").  The Court has already, on another occasion, provided a detailed explanation of the charges and the history of the investigations giving rise to this case.  See United States v. Deleon, No. CR. 15-4268 JB (D.N.M.)(Browning, J.), Sealed Memorandum Opinion and Order, filed October 11, 2016 (Doc. 728).  The facts that specifically pertain to the present case are as follows.

In March, 2015, the Federal Bureau of Investigation renewed investigation of the Syndicato Nuevo Mexico ("SNM") prison gang.  See United States' Response at 1.  SNM's recent activities in a conspiracy to murder high-ranking New Mexico Corrections Department Officials inspired the investigation, which included both old murders and new murder conspiracies, in addition to "the racketeering activities of current gang members that were out of custody."  United States' Response at 1.  Accordingly, in response to the investigation, a federal grand jury indicted Defendant Christopher Garcia in three cases.  In the case at hand -- the drug case -- the grand jury charged Garcia -- and only Garcia -- with four counts for charges of (i) Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (ii) Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (iii) Distribution of 100 Grams and More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  See Indictment

- 2 -

at 1-2.  Additionally, in a related case -- <u>United States v. Deleon</u> -- which the Honorable Ken Gonzales, District Judge for the District of New Mexico, declared complex on January 11, 2016, Garcia has been indicted and charged with Conspiracy to Commit Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 1959(a)(6).  <u>See</u> Motion to Declare Complex ¶¶ 2, 9, at 2, 3.  That case names thirty Defendants, all alleged members or associates of SNM, who have allegedly engaged in Violent Crimes in Aid of Racketeering activity, under 18 U.S.C. § 1959 -- the "VICAR" case -- whereas the present case solely makes allegations related to Garcia's involvement in drug trafficking.  <u>See</u> United States' Response at 1, 2 n.1.  Some of the Defendants were death penalty eligible, and have had learned counsel appointed.  <u>See</u> <u>United States v. Deleon</u>, No. CR. 15-4268 JB, The United States' Notice of Intent Not To Seek a Sentence of Death, filed June 6, 2016 (Doc. 567)(stating that it would not seek a death sentence against twenty-one death-penalty eligible Defendants).

Garcia has also been indicted in <u>United States v. Baca</u>, No. CR 16-1613 JB (D.N.M.)(Browning, J.), which names twelve Defendants, all members or associates of SNM, who have allegedly engaged in a racketeering conspiracy, under 18 U.S.C. § 1962(d) -- the "racketeering case."  <u>See</u> <u>United States v. Baca</u>, No. CR 16-1613, Sealed Indictment, filed April 21, 2016 (Doc. 1).  The indictment in <u>United States v. Baca</u> also makes allegations of Violent Crimes in Aid of Racketeering activity.  <u>See</u> <u>United States v. Baca</u>, No. CR 16-1613, Sealed Indictment, filed April 21, 2016 (Doc. 1).  Garcia, and two other Defendants, are named in <u>United States v. Baca</u> and were originally death penalty eligible, and for whom the Court has appointed learned counsel.  <u>See</u> <u>United States v. Baca</u>, No. CR 16-1613, The United States' Notice of Intent Not To Seek a Sentence of Death, filed September 13, 2016 (Doc. 210)(stating that it would not seek a death sentence against three Defendants).  The Court has declared that

case complex.  See United States v. Baca, No. CR 16-1613, Memorandum Opinion and Order, filed October 20, 2016 (Doc. 238).

**PROCEDURAL HISTORY**

On March 17, 2016, a federal grand jury returned a superseding indictment in this case against Garcia alleging charges of (i) Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (ii) Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (iii) Distribution of 100 Grams and More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (iv) Possession with Intent to Distribute 100 Grams and More of Heroin, and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; and (v) Possession with Intent to Distribute Marijuana, and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 18 U.S.C. § 2.  See Superseding Indictment at 1-2. According to the United States, 1,063 pages of discovery have thus far been disclosed to Garcia. See United States' Response at 2.

Garcia now moves the Court to declare the present case complex given the complicated nature of the multiple cases being brought against him.  See Motion to Declare Complex at 1. The United States opposes the Motion to Declare Complex, because, while the cases involving the prosecution of multiple SNM members' involvement in racketeering activity might require a complex designation, the present case is a "stand-alone" drug offense.  United States' Response at 1-3.  Additionally, because the United States did not timely file its United States' Response, Garcia asks the Court to strike it from the Court's consideration -- or allow Garcia to reply.  The Court will deny Garcia's Motion to Declare Complex without prejudice to renew later in the case, and will further deny Garcia's Motion to Strike.

1.  **The Motion to Declare Complex.**

Garcia's Motion to Declare Complex requests that the Court designate his case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  <u>See</u> Motion to Declare Complex at 1.  The Motion to Declare Complex primarily relies on the Court's designation as complex of a related case, <u>United States v. Deleon</u>, No. CR. 15-4268 JB, where Garcia has similarly been named as a defendant. <u>See</u> Motion to Declare Complex ¶ 18, at 5.  Garcia argues that, "[t]hus far, the discovery disclosed is identical in Mr. Garcia's cases (15-CR-4268 and 15-CR-4275)."  Motion to Declare Case Complex ¶ 13, at 4.  To that point, the Motion to Declare Case Complex explains that "[t]hese two cases are absolutely related . . . and [this case] is an example of the enterprise conducting drug trafficking," which relates to the racketeering allegations in <u>United States v. Deleon</u>.  The Motion to Declare Complex points to statements that the United States has made, in the context of <u>United States v. Deleon</u>, where the United States indicated that it would "file a motion to declare case complex" in this case, as well as in <u>United States v. Deleon</u>.  Motion to Declare Complex ¶ 19, at 6.

> Garcia explains that, in <u>United States v. Deleon</u>, the United States has argued that
>
> the government received thousands of pages of discovery and is continuing to receive from the investigative agenc[ies] thousands more . . .  Due to the nature of the prosecution and the number of defendants, this case is so complex that it is unreasonable to expect the defendants to adequately prepare for trial within the 70-day time limit . . . .

Motion to Declare Complex ¶ 21, at 7-8.  Accordingly, the Motion to Declare Complex argues that:

> The government's statements . . . also ring equally true to Mr. Garcia's defense in the instant case.  Given that the discovery is identical, the witnesses are identical, [and] that joint defense counsel in 15-CR-4268 are also receiving this discovery, counsel for Mr. Garcia respectfully requests additional time through a complex-case designation in this matter to work these two matters simultaneously.

Motion to Declare Case Complex ¶ 23, at 8.

    **2.**  <u>**The United States' Response.**</u>

The United States responded to the Motion to Declare Complex on May 3, 2016.  <u>See</u> United States' Response at 1.  The United States' Response provides that "this case involves undercover controlled drug purchases that were recorded and photographed.  There were also search warrants that were executed on the Defendant' residence and the Defendant's stash house."  United States' Response at 3.  Accordingly, the United States argues that, "[a]lthough the Defendant is facing more serious charges in another case, there is nothing complex about the facts of this case warranting this case to be declared complex."  United States' Response at 3.

The United States concedes that it formerly considered moving to declare this case complex, it has subsequently determined such designation would be unwarranted.  <u>See</u> United States' Response at 3.

    **3.**  <u>**Motion to Strike**</u>**.**

In his Motion to Strike, Garcia argues that "the government was required to file its reply by Monday, April 11, 2016."  Motion to Strike ¶ 3, at 2.  The Motion to Strike states that, instead, the United States filed the United States' Response on May 3, 2016, and that the "government did not offer any reasonable excuse for the late filing, and did not contact opposing counsel for the defendant's position to file an untimely response, or for a motion to continue the response deadline . . . ."  Motion to Strike ¶¶ 2, 5, at 1-2.  Garcia thus requests that the Court strike the United States' Response as untimely.  <u>See</u> Motion to Strike at 1.  The Motion to Strike requests that, in the alternative, should the Court disagree that striking the United States' Response would be appropriate, the Court allow Garcia leave to reply to the United States' Response.  <u>See</u> Motion to Strike ¶¶ 7-14, at 2-7.

4.  **The May 6, 2016, Hearing.**

The Court held a hearing on May 6, 2016.  <u>See</u> Transcript of Hearing, filed July 20, 2016

(Doc. 91)("Tr.").  At the hearing Garcia reiterated that the discovery in this case is identical to

that in the <u>United States v. Deleon</u> case.  <u>See</u> Tr. at 4:22-25 (Sirignano).  Further, Garcia argued:

> We haven't been given all the discovery in all three of these cases. . . .  We
> haven't conducted a full investigation in the case.  We haven't identified experts.
> And we will also be requesting a scheduling order in the racketeering case, and
> modified deadlines in the VICAR case as well, Your Honor, based on the need for
> additional discovery and additional time to conduct the defense investigation.

Tr. at 6:9-21 (Sirignano).  The Court then asked Garcia if he

> can just kind of play ball a little bit on this case for a while without declaring it
> complex.  If the Government comes up and says, you know, they want to try the
> case on May 16, then that's one issue.  But if they're willing to sort of cooperate
> in motions to continue, as you gather evidence . . . I'm wondering if for a while
> that would work.

Tr. at 7:1-13 (Court).  Garcia agreed with the Court that "given that it's . . . a drug case like I

handle, you handle all the time," he could play ball with the Court's proposed solution to deny

the Motion to Declare Complex without prejudice.  Tr. at 7:15-19 (Court).  <u>See</u> Tr. at 8:4-5

(Sirignano).  Regarding the Motion to Strike, Garcia argued that the rules were clearly violated

and that "[i]t's just the cavalier nature right now, your Honor, that's making this case difficult to

litigate, because the deadlines aren't being met."  Tr. at 10:11-13 (Sirignano).

The United States then took up argument, at the bench in a sidebar, and they apologized

for blowing the deadline, and stated that the reason they missed it involved matters which they

could not argue in open court.  <u>See</u> Tr. at 13:4-17 (Armijo)(Redacted).  In open court, though, the

United States provided that they were not opposed to "playing ball" in the manner that the Court

had suggested.  Tr. at 15:4-8 (Armijo).  The United States then explained how the acts charged in

this case would serve as predicate offenses in the related racketeering prosecution, but that "this

case is just your typical drug case.  And the evidence as to all the other murders, all the other activities for all the other co-defendants would not come into play into this case."  Tr. at 18:1-5 (Armijo).

The Court then denied the Motion to Strike, stating that:

> I don't draw too many of these in a criminal context, but I do in the civil context. I have a routine policy of denying most of them unless they really go to scandalous material in the complaints or pleadings, but not necessarily with briefing and responses.  Since I have hearings on almost everything, and give everybody a full say, I generally don't grant motions to strike.  And because everybody has had a full opportunity to argue the motion to designate the case complex, I'm going to deny the motion.

Tr. at 31:7-18 (Court).  Regarding the Motion to Declare Complex, the Court ruled:

> I'm going to deny that motion without prejudice.  It seems like we're not going to really have a problem with the defendant being squeezed on a trial date.  I may have to revisit this in the fall, but it sounds like the Government is representing that it will not oppose motions to continue. . . .  And if there is a problem down the road, the defendant is free to reraise that motion to designate complex.

Tr. at 31:19-32:10 (Court).

## LAW REGARDING THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161

"The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."  United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993)(quoting United States v. Noone, 913 F.2d 20, 28 (1st Cir. 1990)).  The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), reads in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.  If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1).

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later."  United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2006)(citing 18 U.S.C. § 3161(c)(1)).  The Speedy Trial Act provides that certain periods of delay are not included in computing the time limits for trial.  18 U.S.C. § 3161 states in relevant part:

> **(h)**     The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > **(1)**     Any period of delay resulting from other proceedings concerning the defendant, including but not limited to --
> >
> > > **(A)**     delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> > >
> > > . . . .
> > >
> > > **(F)**     delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> > >
> > > . . . .
> > >
> > > **(J)**     delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
> > >
> > > . . . .
> >
> > **(4)**     Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

. . . .

**(7)**

        **(A)**    Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161. Courts are instructed to consider specific factors when determining whether to grant a continuance, and thereby suspend the Speedy Trial Act's deadlines, under section (A) of 18 U.S.C. § 3161(h)(7). See 18 U.S.C. § 3161(h)(7)(B). Section 3161(h)(7)(B) sets forth the factors a court should consider:

    **(B)**    The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

        **(i)**    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

        **(ii)**    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

The Supreme Court of the United States of America, in United States v. Zedner, 547 U.S. 489 (2006), held that, when a district court makes no findings on the record to support a § 3161(h)(8) continuance -- now § 3161(h)(7) -- harmless-error review is not appropriate. See 547 U.S. at 506-07. In United States v. Williams, 511 F.3d 1044 (10th Cir. 2007), the United States Court of Appeals for the Tenth Circuit held that "the Act does not allow a district court to retroactively grant an ends-of-justice continuance. 'Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period.'" 511 F.3d at 1055 (quoting United States v. Doran, 882 F.2d 1511, 1516 (10th Cir. 1989)). In granting an ends-of-justice continuance, a district court must make explicit finds showing why the continuance is necessary.

See United States v. Hernandez-Mejia, 406 Fed. App'x 330, 336 (10th Cir. 2011)(unpublished).[2]

The Tenth Circuit has explained:

> This court has interpreted strictly the requirements of § 3161(h)(7)(A) and (B). We have held (1) that to satisfy the requirements of § 3161(h)(7)(A), the district court must make explicit oral or written on-the-record findings explaining the reasons why a trial continuance is necessary, unless the facts supporting the continuance "are obvious and set forth in the motion for the continuance itself," United States v. Occhipinti, 998 F.2d 791, 797 (10th Cir. 1993)(internal quotation marks omitted); (2) that "the record must clearly establish [that] the district court considered the proper factors at the time such a continuance was granted," [United States v.] Toombs, 574 F.3d [1262,] 1269 [(10th Cir. 2009)]; (3) that "it must be clear from the record that the trial court struck the proper balance when it granted the continuance," United States v. Williams, 511 F.3d 1044, 1056 (10th Cir. 2007)(alteration and internal quotation marks omitted); and (4) that although adequate trial-preparation time is a permissible reason for granting a continuance and tolling the Act, "such a reason must be supported by the information and evidence presented to the district court," United States v. Gonzales, 137 F.3d 1431, 1435 (10th Cir. 1998).

United States v. Hernandez-Mejia, 406 F. App'x at 336.  See United States v. Fuentes, 2011 WL 2533079, at *5 (D.N.M. 2011)(Browning, J.).

---

[2]United States v. Hernandez-Mejia is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
>
> generally determined that citation to unpublished opinions is not favored.
>
> However, if an unpublished opinion or order and judgment has persuasive value
>
> with respect to a material issue in a case and would assist the court in its
>
> disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that United States v. Hernandez-Mejia and Sherer v. U.S. Dept. of Educ., 78 F. Appx. 687 (10th Cir. 2003)(unpublished), have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

Section 3162(a)(1) and (2) of the Act sets out the sanctions applicable when the United States has not filed an indictment or information, or when the defendant is not brought to trial within the time limits that § 3161(b) and (c) require:

**(a)**

> **(1)** If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

> **(2)** If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.  The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).  In determining whether to dismiss the case with  or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the  offense; the facts and circumstances of the case which led to the  dismissal; and the impact of a reprosecution on the   administration of this chapter and on the administration of justice.  Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

18 U.S.C. § 3162(a)(1), (2).

In United States v. Cano-Silva, the Tenth Circuit stated: "The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal

with prejudice, which should be reserved for more egregious violations.  Dismissal with prejudice is a strong message indeed, and one ill-suited to an isolated and inadvertent violation." 402 F.3d at 1035.

> While dismissal of the indictment is mandatory, the district court retains discretion to determine whether the indictment is dismissed with or without prejudice.  In determining whether to dismiss with or without prejudice, the court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

United States v. Cano-Silva, 402 F.3d at 1034 (quoting 18 U.S.C. § 3162(a)(2))(citations omitted).  The offense's seriousness must be weighed against the delay's severity.  See United States v. Jones, 213 F.3d 1253, 1257 (10th Cir. 2000).  In addition, the Supreme Court has suggested that the trial court should also consider, when determining whether to dismiss an indictment with prejudice, the prejudice to the defendant that a Speedy Trial violation delay has caused.  See United States v. Taylor, 487 U.S. 326, 333-34 (1988).

"It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays."  United States v. Taylor, 487 U.S. at 342.  "Preindictment delay that rises to a constitutional violation requires dismissal of the indictment with prejudice to retrial." United States v. Johnson, 120 F.3d 1107, 1110 n.2 (10th Cir. 1997)(citing United States v. Marion, 404 U.S. 307, 324 (1971)).  "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy."  United States v. Saltzman, 984 F.2d at 1093.  See United States v. Johnson, 120 F.3d at 1112 ("Ms. Johnson bears no responsibility for the circumstances leading to the Speedy Trial Act violation, and . . . she properly asserted her rights under the Act.").  In

United States v. Johnson, one aspect of the Speedy Trial Act violations that troubled the Tenth Circuit was that, although the nature of the offense was relatively uncomplicated, the government delayed almost two years in indicting her.  See 120 F.3d at 1112.

In United States v. Perez-Alcatan, 376 F. Supp. 2d 1253 (D.N.M. 2005)(Browning, J.), the Court dismissed Perez-Alcatan's indictment without prejudice, because the United States, through inadvertent error, failed to indict him within thirty days of the arrest, as the Speedy Trial Act requires.  See 376 F. Supp. 2d at 1257.  Thirty days from Perez-Alcatan's arrest was May 26, 2005, and a grand jury indicted Perez-Alcatan on June 14, 2005.  See 376 F. Supp. 2d at 1254. Perez-Alcatan argued that the Court should dismiss his case with prejudice.  See 376 F. Supp. 2d at 1256.  He contended that his charged crime, re-entry into the United States after conviction for an aggravated felony, which carried a 16-level enhancement under the United States Sentencing Guidelines, was not a serious crime.  See 376 F. Supp. 2d at 1257.  His underlying aggravated felony, however, was voluntary manslaughter.  See 376 F. Supp. 2d at 1254.  The Court looked to the Sentencing Guidelines, stating that a 16-level enhancement is among the largest in the Sentencing Guidelines, which signals Congress' intent to consider the crime a serious one.  See 376 F. Supp. 2d at 1256.  Furthermore, the Court stated that the Guideline's lack of authorization for probation in such circumstances, and that Congress is hiring more border agents and Assistant United States Attorneys to slow the flow of immigration and punish those who are already felons, indicates the crime's seriousness.  See 376 F. Supp. 2d at 1256.  The Court concluded that the seriousness of the offense favored dismissal without prejudice.  See 376 F. Supp. 2d at 1256.  The Court also held that the facts and circumstances that led to the delay did not favor dismissal with prejudice.  See 376 F. Supp. 2d at 1256-57.

While most immigration cases in which a defendant waives a preliminary hearing and detention hearing also involve a waiver of presentment to the grand jury, Perez-Alcatan chose to waive the detention hearing and the preliminary hearing, but not presentment to the grand jury. See 376 F. Supp. 2d at 1256.  As a result of the unique situation, the file cover in the United States Attorney's Office was annotated "waiver" and was incorrectly filed, causing untimely presentment.  376 F. Supp. 2d at 1257.  The Court further held that, because the delay-producing conduct was an administrative oversight, and was without bad faith, dismissing the case with prejudice would do little to prevent such future mistakes.  See 376 F. Supp. 2d at 1257.  The Court stated that the "United States continues to present its cases for indictment in a timely manner; dismissal with prejudice would not improve the professional efforts already in place in adhering to the Speedy Trial Act."  376 F. Supp. 2d at 1257.  The Court also stated that Perez-Alcatan had not alleged any actual prejudice in his ability to defend himself.  See 376 F. Supp. 2d at 1257.  The Court, therefore, dismissed the case without prejudice.  See 376 F. Supp. 2d at 1257.

**LAW REGARDING RULE 47.8 OF THE LOCAL RULES OF CRIMINAL PROCEDURE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO**

A party has fourteen days to file a response or reply upon service of a motion.  See D.N.M. LR-CR. 47.8.  The Court may extend the time to respond.  See D.N.M. LR-CR. 47.8.  In particular, local rule 47.8 for the United States District Court for the District of New Mexico provides that:

> A response must be served within fourteen (14) days after service of the motion.
> A reply must be served within fourteen (14) days after service of the response.
> These time periods are computed in accordance with Rule 45(a) and (b) of the
> Federal Rules of Criminal Procedure and may be extended by the Court.

D.N.M. LR-CR. 47.8.

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

(f)     **Motion to Strike.**  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

   (1)     on its own; or

   (2)     on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

   The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted).  Accord Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. December 8, 2009)(Miles-LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.").

   "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."  Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai

Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010)(Egan, J.). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Wiley, J.). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5)(internal quotation marks omitted)). "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998)(unpublished table decision)).

For example, in Skyline Potato, Co., Inc. v. Hi-Land Potato, Co., Inc., No. CIV 10-698, 2012 WL 6846386 (D.N.M. December 31, 2012)(Browning, J.), the Court denied a motion to strike a letter filed with the Court, because the letter was not a pleading and did not pertain to either party's legal defenses or arguments -- the letter expressed one party's position regarding whether the Court should rule on summary judgment motions pending at the close of a bench trial. See 2012 WL 6846386, at *6. Similarly, in Great Am. Ins. Co. v. Crabtree, No. CIV 11-1129 JB/KBM, 2012 WL 3656500 (D.N.M. August 23, 2012)(Browning, J.), the Court denied a plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were neither pleadings nor irrelevant. See 2012 WL 3656500, at *18. In Applied Capital, Inc. v. Gibson, the Court refused the plaintiff's request to strike a motion to dismiss because rule 12(f) applies only to pleadings, and not to a motion to dismiss. See 2007 WL 5685131, at *18. In Estate of Anderson v. Denny's, Inc., No. CIV 12-0605 JB/GBW, 2013 WL 690809 (D.N.M. February 7, 2013)(Browning, J.), the Court denied the plaintiff's request to strike a notice of completion of briefing for similar reasons. See 2013 WL 690809, at *12.

## ANALYSIS

At the present time, the Court is not persuaded that Garcia's case meets the requirements of a complex designation.  Although Garcia has been indicted in other cases, for related conduct, those cases are distinguishable in their complexity.  Garcia, in this case, is the sole Defendant, and he has been charged only with routine drug crimes.

**I.      GARCIA'S CASE, AT THE PRESENT TIME, DOES NOT MEET 18 U.S.C. § 3161(h)(7)(B)(ii)'s REQUIREMENTS FOR A COMPLEX DESIGNATION.**

The Court will deny Garcia's Motion to Declare Complex, because it concludes that -- at the present time -- the nature of the prosecution does not rise to a level that would warrant designating the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and thereby suspend the usual deadlines under the Speedy Trial Act.  "The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are . . . (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section . . . ."  18 U.S.C. § 3161(h)(7)(B)(ii).  Garcia's primary argument in support of his Motion to Declare Complex is that the Court has already, in a related case -- which has thus far proffered the exact same discovery materials as the present case -- declared that case complex.  See Motion to Declare Case Complex ¶ 23, at 8.  The Court is not convinced, however, that the circumstances of that litigation -- which involve multiple defendants and alleged violent racketeering activity that spans many years -- should carry over into Garcia's present prosecution.  As the United States argued in the United States' Response, the present prosecution is of drug crimes.  See United States' Response at 1, 3.  That the very same drug trafficking plays a role in the United States' prosecution of Garcia and his co-

Defendants in a related case premised upon racketeering activity is of no moment with respect to the complexity of the prosecution of the drug crimes in this case.

Further, the Court brokered a compromise amongst the parties at the hearing whereby the United States would "play ball" in accommodating Garcia as he prepared to go to trial in this case in accordance with the deadlines provided under the Speedy Trial Act.  See Tr. at 31:19-32:10 (Court).  Accordingly, the Court concludes that, for the time being, it is not "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" which the Speedy Trial Act provides.  The Court will, however, leave open the potential for Garcia to bring another motion to declare the case complex, pursuant to § 3161(h)(7)(B)(ii), should the normal deadlines and compromise become untenable.

## II.    THE COURT WILL NOT STRIKE THE UNITED STATES' UNTIMELY RESPONSE.

 At the hearing, the Court denied the Motion to Strike, providing:

> I don't draw too many of these in a criminal context, but I do in the civil context. I have a routine policy of denying most of them unless they really go to scandalous material in the complaints or pleadings, but not necessarily with briefing and responses.  Since I have hearings on almost everything, and give everybody a full say, I generally don't grant motions to strike.  And because everybody has had a full opportunity to argue the motion to designate the case complex, I'm going to deny the motion.

Tr. at 31:7-18 (Court).  In the civil context, the Court has concluded that "[s]triking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored."  Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5.  The Court finds that holding persuasive to its analysis of this criminal matter, and concludes that, particularly where local rule 47.8 for the United States District Court for the District of New Mexico provides that "time periods are computed in accordance with Rule 45(a) and (b) of the Federal Rules of Criminal Procedure and

- 21 -

may be extended by the Court," the aforementioned drastic remedy is not appropriate at this time.   D.N.M. LR-CR. 47.8 (emphasis added).   Further, Garcia was given the opportunity to reply to the untimely United States' Response at the hearing on May 6, 2016.   The Court has been careful to give everyone a full say on the issue.   Accordingly, the Court will deny the Motion to Strike in full.

      **IT IS ORDERED** that: (i) the Defendant's Opposed Motion to Designate the Case Complex, filed March 28, 2016 (Doc. 56), is denied without prejudice, leaving Garcia free to raise it again at a later date; and (ii) the Defendant's Motion to Strike Government's Response to Defendant's Opposed Motion to Declare Case Complex and in the Alternative, Reply to Government's Untimely Response, filed May 4, 2016 (Doc. 72), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
  United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Christopher W. Adams
Charleston, South Carolina

-- and --

- 22 -

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant Christopher Garcia*