# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                        NO.    15-CR-4275 JB

CHRISTOPHER GARCIA,

       Defendant.

## MOTION FOR DESIGNATION OF EVIDENCE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B)

COMES NOW Christopher Garcia, by and through counsel, Amy Sirignano and Christopher W. Adams, and moves this honorable Court pursuant to Fed. Rule of Criminal Procedure, Rule 12(b)(4)(B), for an order requiring the government to immediately designate any and all evidence that the government intends to use in the prosecution of Mr. Garcia. In support of his motion, the defendant states the following:

**FACTS AND PROCEDURAL BACKGROUND**

1. On December 1, 2015, Mr. Garcia was charged, in a stand-alone Indictment, case number 15-CR-4275, with: Counts 1 and 3: Distribution of Heroin in violation of 21 U.S.C. §§841(a)(1) and b(1)(C); Count 2: Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count 4: Distribution of 100 Grams and More of Heroin, in Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Count 5: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) Possession with Intent to Distribute 100 Grams and More of Heroin; 18 U.S.C. § 2: Aiding and Abetting; and Count 6: 21 U.S.C. §§ 841(a)(1), (b)(1)(D): Possession with Intent to Distribute Marijuana; 18 U.S.C. § 2: Aiding and Abetting. (Doc. 2). If he is convicted, he could be imprisoned for the

remainder of his life. This case is related to 15-CR-4268 and 16-CR-1613. The discovery provided to date has been voluminous.

2. Mr. Garcia has verbally requested that the government provide a specific designation of evidence that it intends to use at trial in compliance with the requirements of Rule 12(b)(4)(B). The government has not complied with the verbal requests.

3. Having conferred with the opposing party, the government indicates that they oppose this motion.

**LEGAL AUTHORITY**

4. In order to expedite preparation for trial and to avoid necessary interruptions during trial to hear suppression or exclusion issues, Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure provides for the specific designation of evidence that the government intends to use at trial:

> *Notice of the Government's Intent to Use Evidence.*
>
> B) *At the Defendant's Request*. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B).

5. First, by way of this motion Mr. Garcia makes this formal request required to trigger Rule 12(b)(4)(B).

6. Second, Mr. Garcia asks the Court to order the government to designate any evidence that may arguably be subject to challenge or suppression. *See United States v. Lujan,* 530 F. Supp. 2d 1224, 1244 (D.N.M. 2008) ("The rule provides a mechanism to insure that the

defendant knows of the government's intention to use evidence to which the defendant may want to object.") (citing Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment). By such disclosure, Mr. Garcia will be alerted to the necessity, if it exists, of making an appropriate motion to challenge or suppress. *See id.* This motion requests notice of evidence "arguably" subject to challenge or suppression. If a proper argument can be made, counsel should be entitled to the opportunity to make it.

7. Third, Mr. Garcia asks that the Court order the government to designate any evidence that it may offer in rebuttal. Although Rule 12(b)(4)(B) speaks only of evidence that the government intends to use in its case-in-chief, federal courts have the inherent authority to require the government to give notice of such evidence that the government intends to use in rebuttal or otherwise. *See United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973). Such notice is required to "protect[] the trial from error and enable[] the defense at the most appropriate time to obtain a ruling on the usability by the prosecution of important evidence." *Battle v. United States*, 345 F.2d 438, 440 (D.C. 1965); *see also United States v. Grace*, 526 F.3d 499, 511-12 (9th Cir. 2008) (stating the Rules "reinforce the logic and fairness of requiring the government to produce a pretrial witness list of both experts and non-experts (subject to appropriate conditions) so that the parties -- and the District Court -- may be adequately prepared for trial. That is the essential premise of the court's inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system.") (citing *Richter*, 488 F.2d at 173-74); *cf. United States v. Wilson*, 962 F.2d 621, 625 (7th Cir. 1992) (stating, "The Federal Rules of Criminal Procedure expressly require courts to conduct suppression hearings, if deemed necessary, prior to trial, Fed. R. Crim. P. 12(b)(3) . . . ").

8.      Fourth, Mr. Garcia asks that the Court order the government to designate the material with specificity so that the defense may easily identify the material.  It is not the intent or purpose of Rule 12(b)(4)(B) that the government simply reply that its Rule 12(b)(4)(B) evidence is contained "somewhere" within the mass of discovery items provided under Rule 16. *See Lujan*, 530 F. Supp. 2d at 1246 ("Merely relying on an open-file policy is not sufficient . . .. The purpose of the rule is not to reveal the government's trial strategy, but merely to provide the defendant with sufficient information to file the necessary suppression motions.") (citing *United States. v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995)).

**WHEREFORE**, for the foregoing reasons, Mr. Garcia respectfully requests that this Court grant the relief requested herein, and order the prosecution to designate, immediately and with specificity, all evidence that it intends to use in the trial of this case.

Respectfully Submitted,

s/ *Amy Sirignano, Esq.*
Amy Sirignano
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE, #250
Albuquerque, NM 87109
505-242-2770
505-242-2774 facsimile
amy@abqnmlaw.com


s/ *Christopher W. Adams*
Christopher W Adams
102 Broad Street
Suite C
Charleston, SC 29401
(843) 577-2153
Fax: (877) 883-9114
Email: adams.c@me.com


*Counsel for Defendant Christopher Garcia*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served on opposing counsel via the CM/ECF system on this 27th day of February, 2017.

　　/s
Amy Sirignano, Esq.