IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            NO. 15-CR-4275 JB

CHRISTOPHER GARCIA,

    Defendant.

## MOTION FOR DISCLOSURE OF PRIOR ACTS EVIDENCE
## AND MEMORANDUM IN SUPPORT

COMES NOW, Christopher Garcia, by and through CJA co-counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and pursuant to U.S. Const. Amends. V and VI, and Rule 104 of the Federal Rules of Evidence, moves this Court to order the government to disclose any Fed. R. Evid. 404(b) evidence that it intends to offer at trial at least 12 days prior to the trial setting. As grounds, for said motion, defendants would show to the court as follows:

1. This Court set the deadline for the government's notice of Rule 404(b) evidence due on February 28, 2017 (Doc. 164).

2. Improper admission of Rule 404(b) evidence may deprive Mr. Garcia of

1

due process of law and a fair trial, and may constitute reversible error. *See* Fed. R. Evid. 404(b); U.S. Const. Amends. V and VI; *United States v. Hogue*, 827 F.2d 660 (10th Cir. 1987); *United States. v. Soundingsides*, 820 F.2d 1232 (10th Cir. 1987); *United States. v. Shomo*, 786 F.2d 981 (10th Cir. 1986).

3. The Tenth Circuit has developed rigorous criteria for admission of evidence of other crimes, wrongs, or bad acts pursuant to Fed. R. Evid. 404(b). *See United States v. Cuch*, 842 F.2d 1173 (10th Cir. 1988). The government first bears the burden of demonstrating how the proffered evidence is relevant to an issue in the case. In demonstrating the relevance of proffered other acts evidence, the government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts. *See United States v. Doran*, 882 F.2d 1511, 1523 (10th Cir. 1989); *United States v. Youts*, 229 F.3d 1312, 1317-19 (10th Cir. 2000) (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985), cert. denied, 474 U.S. 1081, 88 L. Ed. 2d 889, 106 S. Ct. 848 (1986)); *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988) (citations omitted); *United States v. Record*, 873 F.2d 1363, 1375 n.7 (10th Cir. 1989); *United States v. Rivera*, 837 F.2d 906, 912 (10th Cir. 1988), rev'd on other grounds, 874 F.2d 754 (10th Cir.) (en banc); *United States v. Biswell*, 700 F.2d 1310, 1317-18 (10th Cir. 1983). Moreover, there must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried. *See generally United States v.*

2

*Serrata*, 425 F.3d 886, 903 (10th Cir. 2005) (quoting *Youts*, 229 F.3d at 1319). Furthermore, before such evidence is properly admitted, it must tend to establish intent, knowledge, motive, or one of the enumerated exceptions to Fed. R. Evid. 404 (b). *See United States v. Mares*, 441 F.3d 1152, 1156-58 (10th Cir. 2006). The evidence must have real probative value, not just possible worth; and must be reasonably close in time to the crime charged. *See generally id*. Finally, even if the trial court determines that the other acts evidence satisfies the criteria for admission under Fed. R. Evid. 404 (b), it must balance the evidence's probative value and prejudicial effect under Fed. R. Evid. 403. *See United States v. Cuch*, 842 F.2d at 1176; *see also*, *Huddleston v. United States*, 484 U.S. 894, 108 S. Ct. 1496, 1502 (1988); *United States v. Rodella*, 804 F.3d 1317, 1332-33 (10th Cir. 2015) (stating that the four-part test from *Huddleston* to determine admissibility of Rule 404(b) remains the proper determinative standard).

4. As a practical matter, counsel for the defense requires at least 12 days prior to the March 21, 2017 trial setting to investigate any proposed Fed. R. Evid. 404(b) evidence and to draw any deficiencies in that proposed evidence to the court's attention. Objections to Fed. R. Evid. 404(b) evidence should be raised prior to trial in a motion in limine in order to avoid the possibility of reversible error at trial. *See United States v. Cuch*, 842 F.2d 1173 (10th Cir. 1988).

5. Trial Courts have discretion to compel pretrial disclosure of other crimes

Rule 404(b) evidence. *See United States v. Miller*, 520 F.2d 1208, 1211 (9th Cir. 1975); *United States v. King*, 121 F.R.D. 277, 281 (E.D.N.C. 1988); *see also United States v. Benitez–Soto,* No. 97-40091-01-SAC, 1998 U.S. Dist. LEXIS 6130, *23-25 (D. Kan. Feb. 1, 1998).

6. Fed. R. Evid. 404(b) provides:

> Crimes, Wrongs, or Other Acts.
> (1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) *Permitted Uses; Notice in a Criminal Case*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

7. Fairness to the defendant is certainly one compelling argument in favor of ordering pretrial notice of 404(b) evidence. From a practical standpoint, such an order will allow the parties an opportunity to brief their arguments, thus allowing the Court to rule on admission of such evidence well in advance of trial. Early rulings on admission of such evidence have salutary effect of promoting an expeditious trial. Thus, neither the Court, the jury, or the parties will be distracted by having to resolve evidentiary issues which can be decided in advance of trial.

4

7. In making this request, Mr. Garcia is simply requesting disclosure of said evidence by the government which it intends to introduce in its case in chief and is not seeking a pretrial ruling on the admissibility of impeachment or rebuttal evidence.

8. Due to the nature of the motion, the government's position was not sought. The defense presumes the government opposes.

WHEREFORE, Mr. Garcia respectfully requests this Court to order the government to disclose any Fed. R. Evid. 404(b) evidence it intends to use at trial at least 45 days prior to trial and for such other and further relief as the Court deems proper.

Respectfully Submitted,

/s *electronically submitted*
Amy Sirignano, Esq.
5901J Wyoming Blvd. NE #250
Albuquerque, NM 87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

/s_____
Christopher W Adams
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
(877) 883-9114 facsimile
adams.c@me.com

Co-counsel for Christopher Garcia

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via Court's CM/ECF system on AUSAs Maria Armijo, Randy M. Castellano, and Matthew Beck, counsel for the government, on this 28th day of February, 2017.

   /s                                  
Amy Sirignano, Esq.