IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           NO. 15-CR-4275 JB

CHRISTOPHER GARCIA,

    Defendant.

## MOTION FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND A PRE-TRIAL HEARING ON THE STATEMENTS' ADMISSIBILITY

COMES NOW, Christopher Garcia, by and through CJA co-counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and respectfully moves this honorable Court to order the government to specify any purported statements by alleged co-conspirators it intends to introduce under Federal Rule of Evidence 801(d)(2)(E) and show at a pre-trial hearing that those statements are admissible. The basis for this motion is as follows.

### I.    BACKGROUND

1. Mr. Garcia is charged in a six-count Superseding Indictment filed on December 1, 2015 (Doc. 2), with:

    a. Distribution of Heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

b. Distribution of Cocaine Base, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

c. Distribution of Heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

d. Distribution of 100 Grams and More of Heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B);

e. Possession With Intent to Distribute 100 Grams and More of Heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and Aiding and Abetting, contrary to 18 U.S.C. § 2; and,

f. Possession with Intent to Distribute Marijuana, contrary to 21 U.S.C. §§ 841 (a)(1) and (b)(1)(D), and Aiding and Abetting, contrary to 18 U.S.C. § 2.

2. Mr. Garcia was arraigned by United States Magistrate Gregory B. Wormuth on December 18, 2015 and entered a plea of not guilty to all counts (Docs. 20, 21). Trial in this cause is scheduled for March 21, 2017 (Docs. 143, 164).

3. The government's discovery disclosed to the defense indicates that others may have been involved in the acts alleged in the Superseding Indictment (Doc. 49). *See*, *e.g.*, Bates Nos. US v. Christopher Garcia 6-8; 9-10; 11-12; 16-18; 788-848; 849-884; 1040-1046; 1244-1280; 1415-1463 and U.S. v. DeLeon March 24, 2017 production, CDs #3, 4, 6 (audio/text messages), specifically, GA, MM, SG, ED, ARB.

## II. MEMORANDUM OF LAW

4. Out-of-court statements are presumed unreliable, and the proponent of such statements must rebut that presumption. *See Bourjaily v. United States*, 483 U.S. 171, 179 (1987). When a witness against a defendant will not appear to testify subject to cross-examination, testimonial statements by that witness are excluded unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 55 (2004). Very few exceptions to this rule were accepted in 1791 and permit "*testimonial* statements against the accused in a *criminal* case." *Id*. at 56 (emphasis in original). For example, there is a "narrow forfeiture rule" permitting the out-of-court statements of a witness against the defendant when the defendant has procured the unavailability of that witness at trial. *See Giles v. California*, 554 U.S. 353, 373-374 (2008).

5. Pursuant to Fed. R. Evid. 801(d)(2)(E), statements of alleged co-conspirators may not be introduced unless the government shows, by a preponderance of the evidence, (1) the existence of a conspiracy, (2) that the declarant and the defendant were both members of the conspiracy, and (3) that the statements were made during the course and in furtherance of the conspiracy prior to completion, termination or withdrawal. *See Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. Morgan*, 748 F.3d 1024, 1036 (10th Cir. 2014) (citing *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995)). Otherwise, admission of such hearsay would be too prejudicial under

Federal Rule of Evidence 403 to cure with any instruction and would violate Mr. Garcia's constitutional rights to confrontation, cross-examination, and to a fair trial. *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36 (2004).

6. To prevent harmful error, a trial judge may require further assurance beyond the minimum standard above "that such statements (1) are not admitted until properly authenticated by substantial independent evidence and (2) do not remain in the proof to be submitted to the jury unless their admissibility is established by a preponderance of the evidence." *United States v. James*, 590 F.2d 575, 583 (1979).

7. As the Court said in *Dennis v. United States*, 384 U.S. 855, 873 (1966):

> A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants . . . In our adversary system of determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts.

8. Under Fed. R. Crim. P. 16(a)(1)(A) and (B), any statements attributed to Mr. Garcia, as well as any co-conspirator statements the government intends to introduce must be produced, with specificity, before trial. *See United States v. Thevis*, 84 F.R.D. 47, 55-56 (N.D. Ga. 1979); *United States v. Martinez*, 455 F.3d 1127, 1129-30 (10th Cir. 2006) (noting the Rule 16(a)(1)(A) "is designed to provide the defendant with sufficient information . . . to allow the court to rule on admissibility motions before trial . . . .") (quoting *United States v. Hernandez-Muniz*, 170 F.3d 1007, 1010 (10th Cir. 1999));

*Unites States v. Roberts*, 793 F.2d 580, 584 (4th Cir. 1986) (en banc) (holding that "Fed. R. Crim. P. 16(a)(1)(A) and Fed. R. Evid. 801(d)(2)(E)" should be construed as "in pari materia"); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1247 (D.N.M. 2008); *Unites States v. Agnello*, 367 F. Supp. 444, 448 (E.D.N.Y. 1973); *but see United States v. Bennett*, 158 F.R.D. 482, 483-484 (D. Kan. 1994) (finding that Rule 16(a)(1)(A) does not apply to co-conspirator statements but not addressing Rule 16(a)(1)(B)).

9. In the Tenth Circuit, the "preferred order of proof in determining the admissibility of co-conspirator statements is first for the District Court to hold a *James* hearing, 'outside the presence of the jury to determine . . . the existence of a predicate conspiracy.'" *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996); *see also United States v. Gonzalez-Montoya*, 161 F.3d 643, 648-49 (10th Cir. 1998); *see also United States v. Austin*, 786 F.2d 986, 990 (10th Cir. 1986) (courts have repeatedly condemned conducting *James* analysis at trial due to blending of hearsay and non-hearsay statements prior to decision).

10. The timely pre-hearing disclosure of statements the government intends to introduce at the *James* hearing will give defense counsel adequate time to review and evaluate the statements prior to the hearing. This will expedite an orderly and efficient hearing which will ultimately decrease the risk of a mistrial due to unanticipated *Bruton* conflicts and other problems. *See generally Bruton v. United States*, 391 U.S. 123 (1968) (holding the wrongful admission of a co-defendant's confession inculpating defendant

encroached upon defendant's Sixth Amendment Constitutional right of confrontation and caused prejudicial error requiring reversal).

11. Mr. Garcia requests that the Court order the government to immediately identify, prior to the *James* hearing, exactly what co-conspirator statements it intends to offer. For each such statement, the government should indicate the exact wording of the statement, the identity of the declarant, the identity of the person to whom the statement was directed, and the date and the location of when and where the statement was made. Mr. Garcia requests this specificity because the Tenth Circuit disfavors written proffers by the government of co-conspirator statements in the form of mere summaries. *See United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993). The trial court should be able to judge each specific conversation in context in making its 801(d)(2)(E) evaluation. *See id.*

12. Due to the nature of the motion, concurrence from opposing counsel was not sought. The defense presumes the government opposes.

## III. CONCLUSION

In order to assure a fair and orderly trial, and efficient use of the Court's resources prior to trial, Mr. Garcia respectfully requests that the Court order the government to disclose whether it intends to offer purported statements of alleged co-conspirators at trial. If so, Mr. Garcia further requests that the Court hold a pre-trial *James* hearing to determine the reliability and admissibility of those statements, and

order the government to immediately disclose, prior to that hearing the exact statement, the declarant and witness who will offer the statement into evidence, and the date and location of the statement in order to permit defense investigation and full briefing of the Court at the hearing.

Respectfully Submitted,

/s *electronically submitted*
Amy Sirignano, Esq.
5901J Wyoming Blvd. NE #250
Albuquerque, NM 87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

/s_____
Christopher W Adams
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
(877) 883-9114 facsimile
adams.c@me.com

Co-counsel for Christopher Garcia

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via Court's CM/ECF system on AUSAs Maria Y. Armijo, Randy M. Castellano, and Matthew Beck, counsel for the government, on this 28th day of February, 2017.

  /s                             
Amy Sirignano, Esq.