IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      NO. 15-CR-4275 JB

CHRISTOPHER GARCIA,

        Defendant.


**MOTION FOR DISCOVERY AND INSPECTION CONCERNING GOVERNMENT'S USE OF INFORMANTS AND COOPERATING INDIVIDUALS; DISCLOSURE AND NOTICE OF EXCULPATORY EVIDENCE REQUESTED CONCERNING GOVERNMENT'S USE OF INFORMANTS AND COOPERATING INDIVIDUALS AND MEMORANDUM IN SUPPORT**

COMES NOW, Christopher Garcia, by and through CJA co-counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and in accordance with the decisions in *Roviaro v. United States*, 353 U.S. 53 (1957), *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Bagley*, 87 L.Ed.2d 481, 490 (1985), respectfully moves the Court for an order directing the United States to furnish counsel for the accused with the following information concerning the use of informants, confidential informants, witnesses, informers, confidential sources, sources of information, infiltrators, cooperating individuals, security informers or intelligence assets who participated in any way or who are material witnesses to any of the events charged in the indictment. Such individuals are intended to include:

(A)     Any person or entity furnishing information to the government on a confidential

basis, where such information has been obtained as a result of legitimate employment or access

to records and is provided consistent with applicable law;

(B)     Any other person or entity furnishing information to the government on a

confidential basis;

(C)     Any other person or entity providing information or substantial operation

assistance with some degree of regularity, which may be as infrequent as a few times per year, or

as frequent as several times per week.

(D)     It is further requested that the information requested be provided specifically as it

may relate or pertain to the following individuals:

(1)     All confidential sources as described in any affidavits which have been filed in
        support of requests for electronic surveillance whether such have been revealed or
        not;
(2)     Any individual who has or is expected to furnish information, cooperation,
        testimony at the grand jury or at trial, or assistance to the government;
(3)     All confidential sources referred to in the affidavits in support of the various
        search warrants which have been or will be provided in discovery;
(4)     Individuals whose names were redacted in discovery referencing individuals
        believed to be inmates or cooperating defendants and co-defendants; and,
(5)     Any other person identified in any document which has been or will be provided
        in this case.

1.      Whether such informant, witness, confidential source or cooperating individual

was suspected, apprehended or convicted of any crime(s) at any time during which he/she agreed

to gather information on behalf of the United States or any other government agency.

2.      What crime(s) or other breaches or law (including jurisdiction and case number)

such informant, witness, confidential source or cooperating individual had committed or was

suspected of having committed at any time during which he/she agreed to gather information on behalf of the United States or any other governmental agency.

3.    Whether any potential or actual criminal charges against any informant, witness, confidential source or cooperating individual were abandoned, altered, or otherwise disposed of upon his/her agreement to gather information on behalf of the United States or any other governmental agency.

4.    What financial arrangements existed or exist between any informant, witness, confidential source or cooperating individual and the agencies of the United States, the State(s) of New Mexico, or any other state, including but not limited to:

(a)    Any sums of money paid to any informant, witness, confidential source or cooperating individual; and

(b)    Copies of any vouchers for payment to any informant, confidential source, cooperating individual or witness.

5.    The names, addresses, and criminal records of any informant, witness, confidential source, or cooperating individual to be called as a witness for the government.

6.    The substance of any plea bargain(s) entered into by any agency of the United States, the State(s) of New Mexico, or any other states, and the authority for any such plea bargains.

7.    The substance of any formal or informal agreements made by the United States, the State of New Mexico, or and other state with any informant, witness, confidential source or cooperating individual not to charge crimes or to enter into a plea agreement and the authority for any such agreements.

8.      Information tending to show bias and/or prejudice on the part of any informant, witness, confidential source or cooperating individual whom the government intends to call at trial.

9.      Information tending to show that any informant, confidential source or cooperating individual has made contradictory or inconsistent statements relative to this case, to any related case, or to the defendant.

10.     Information tending to show that any informant, witness, confidential source or cooperating individual suffers from any material defect in perception, memory, veracity or articulation.

11.     The nature of any past or present relationship between any informant, confidential source or cooperating individual utilized in this case and the FBI, CIA, NSA, NSC, DIA, BATF, U.S. Secret Service, HIS, ICE, DEA, or any other federal agency, the New Mexico State Police, APD, BCSO, New Mexico Corrections Department, including the STIU, the Metropolitan Detention Center, or any other state agency, including but not limited to the date of such relationship and whether a continuing relationship exists.

12.     The exact date, time and place that any informant was engaged by any federal, state, or county agency, and the name of the agency or agencies.

13.     Whether any informant utilized by the government has taken a polygraph examination regarding the allegations which are the subject of this indictment, and if so, as to each such person:

(a)     The name of the person;
(b)     The date, time and place or the examination or examinations;
(c)     How many tests were given;

(d)     How many tests the person has passed or failed to show deception;
(e)     How many tests the person has failed or showed deception;
(f)     The names and credentials of the operators;
(g)     A copy of the polygraph chart and the examiner's notes for independent evaluation by the defense;
(h)     A copy of the pretest questionnaire and answers;
(i)     The purpose for which the person was polygraphed.

14.     Whether any informant is or was at the time of the events alleged in the

indictment an abuser or alcohol or controlled substances, and if so, then a description of:

(a)     The substance;
(b)     The amount used;
(c)     The extent of addiction;
(d)     Current status with regard to alcohol or drug abuse;
(e)     Any and all psychological or psychiatric reports concerning any informants' alcohol or drug abuse problems.

15.     Whether any informants utilized by the government in this case have ever had or

required any psychiatric or psychological treatment and, if so, then a description of:

(a)     When and where the treatment occurred;
(b)     The exact nature of the condition treated;
(c)     Whether the informant has ever been admitted to a hospital and, if so, when and where, the diagnosis and prognosis; and
(d)     Whether the informant is currently receiving treatment and, if so, the nature of such treatment and the nature of the condition being treated.

16.     All evidence regarding any witness the government intends to call who is listed as

an informant for any agency of the United States government, or any agency of state government,

including but not limited to:

(a)     The exact nature of the relationship between the witness and the agency;
(b)     The date, time and circumstances that such relationship came into existence;
(c)     Whether such a relationship was entered into voluntarily by the witness, or as a result of an agreement to forbear prosecution or for sentencing leniency;
(d)     Any other reason a relationship was entered into other than a voluntary basis by the witness;
(e)     The exact reason the relationship was established; and

(f)     The exact amount of money paid to any informant, when and by what method.

17.     A full and complete statement of all promises, considerations, rewards, or inducements made by the government, its prosecutors, agents or agencies to induce or encourage any witness the government intends to call at trial and who is listed as an informant for any agency of the United States government, wherein the government has agreed to any of the following (including the equivalent under state law):

(a)     Not to prosecute said person for any crime or crimes;
(b)     Not to prosecute a third party for any crime or crimes where the reason for not prosecuting the third party is a consideration to the person;
(c)     To provide a formal grant of statutory immunity, or to provide an informal assurance that the person will not be prosecuted in connection with any testimony, cooperation, or information given;
(d)     To recommend leniency or a particular sentence for any crime or crimes for which the person stands convicted or is expected to be convicted;
(e)     To comply with any prior agreements although said witness may have previously violated a part of their agreement;
(f)     To recommend or not oppose a reduction of the offense level of the person under the United States Sentencing Guidelines for acceptance of responsibility;
(g)     To recommend to the sentencing authority under the United States Sentencing Guidelines a downward departure from the guidelines if that person provides substantial assistance to authorities;
(h)     To recommend or not oppose any downward departures or offense level reductions for the person under the United States Sentencing Guidelines;
(i)     To seal any plea or plea agreement of that person;
(j)     To provide favorable treatment or consideration, including but not limited to, money, expenses, subsistence, a job, a new location, a new start, etc. to the person or to friends or relatives of the person in return for that person's testimony, cooperation, or provision of information;
(k)     To make any beneficial recommendation, regarding the person to any state or federal agency;
(l)     To cooperate with any state law enforcement agency and that agency's agreement not to prosecute said person for any crime or crimes prohibited by state law; or
(m)     To make any other recommendation of benefit, or give any other consideration to the person or friends or relatives of said person.
(n)     To provide a statement to, or speak with, any law enforcement agency, prosecution official or court concerning the witness' assistance or cooperation.

18.     With respect to any informants, all materials contained in the "main files" of any

law enforcement agency, including, but not limited to, the FBI, CIA, NSA, NSC, DIA, BATF,

U.S. Secret Service, HIS, ICE, DEA, or any other federal agency, the New Mexico State Police,

APD, BCSO, New Mexico Corrections Department, including the STIU, the Metropolitan

Detention Center or other governmental agencies, including but not limited to:

(a)     Correspondence requesting approval to initiate suitability and pertinence inquiry;
(b)     Indices checks;
(c)     Correspondence requesting authority to operate following suitability and
        pertinence inquiry;
(d)     NCIC inquiry and response;
(e)     Identification Division Report;
(f)     Local arrest records;
(g)     Credit checks;
(h)     FD 302s, DEA 6s or equivalent government agency documents in which the
        identity of the informant has been revealed;
(i)     FD 209s or equivalent government agency documents containing administrative
        information that may tend to identify the informant;
(j)     Payment request memos;
(k)     Requests to FBI HQ for additional payment authority;
(l)     Requests to FBI HQ for lump sum payment authority;
(m)     All other administrative type correspondence and any correspondence that
        identifies or tends to identify the informant.

19.     With respect to any informants utilized in this case, any and all information

contained in any file designated by the FBI as "subfile" including, 1A envelopes, but not limited

to, FD-302s in which the identity of the informant is concealed, inserts that conceal the identity

of the informant, and annual letters.

20.     Mr. Garcia also requests a copy of any supervisor's informant file review log or its

equivalent, with respect to any informant utilized in the investigation of this case.

21.     Copies of all memoranda requesting payment for services and/or expenses to any

informant, which memoranda contain a justification for the request for payment.

22.     All approvals for payment for services and/or expenses to an informant utilized in the investigation of this case.

23.     Copies of any and all ECs, Teletypes, emails, or faxes furnished to the FBI HQ, APD HQ, BCSO HQ, NMCD HQ, New Mexico Corrections Department HQ, or any other governmental agency requesting lump-sum payments to any informants and the approval for such payments with respect to any informant utilized in the investigation of this case.

24.     Whether any informant has testified or is expected to testify in connection with this case, and any proposal to pay the informant for such testimony or pay the purported expenses of the informant, and the nature of any discussions with the U.S. Attorney.

25.     Any and all receipts obtained from any informants utilized in the investigation of this case or, if no receipts exist, the written justification for not obtaining a receipt.

26.     If the obtaining of a receipt was not possible, the memorandum setting forth the complete circumstances of payment.

27.     Whether any informants utilized in the investigation of this case were offered any rewards by any private individuals and, if so, the approval and all documentation relating to such reward(s).

28.     Copies of all federal tax returns of any informant utilized in this case filed during the course of the investigation and up until the time of trial.

29.     All receipts signed by prospective government witnesses or informants utilized in this case.

30.     Any and all representations made to informants concerning the potential of reward or payment for information including fees or payments which may be earned from forfeited assets or collected fines.

31.     Whether any informant utilized in this case has previously been used as an informant and/or a witness by any federal or state agency or in any federal or state prosecution and, if so, state:

(a)     The agency or agencies for which the individual was an informant;
(b)     The dates when such a relationship existed and the length of such relationship;
(c)     The dates when and places where the individual testified as a witness;
(d)     The exact payments the individual received for services and expenses.

32.     Any and all documentation detailing or setting forth the accomplishments by informants utilized in this case.

33.     The date(s) on which all persons who were informants utilized in this case were "opened" or "closed" as informants.

34.     Whether any persons are currently opened as informants.

35.     Copies of all instructions required to be given any informant used on a continuing basis, any informant authorized to associate in activities, participation in which otherwise would be involvement in unauthorized past or continuing criminal activities, and any informant or confidential source providing substantial operational assistance in an undercover operation.

36.     A copy of the written record in any informant's or confidential source's file of the instructions given.

37.     Any authorization or approval for any informant or confidential source to engage in any activity that would constitute a crime under state or federal law if engaged in by a private

person, and the written findings by supervisory officials that such conduct is necessary to obtain

information or evidence and that the need outweighs the seriousness of the conduct involved.

38.     Copies of pretrial services reports on any informant or confidential source

prepared for any informant or confidential source who have been arrested for a federal offense.

39.     Copies of presentence reports prepared on any informant or confidential source

for any federal conviction or plea of guilty.

## MEMORANDUM IN SUPPORT

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process

forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the

evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of

the prosecution." *Id*. at 87; *see Giglio v. United States*, 405 U.S. 150 (1972); *United States v.*

*McCrane*, 527 F.2d 906 (3d Cir. 1975), *aff'd after remand*, 547 F.2d 205 (1976); *Douglas v.*

*Workman*, 560 F.3d 1156, 1172 (10th Cir. 2009) .  The Supreme Court has also emphasized that

impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *See United*

*States v. Bagley*, 473 U.S. 667, 676, 87 L.Ed.2d 481, 490 (1985); *Browning v. Trammell*, 717

F.3d 1092, 1105 (10th Cir. 2013).  Such evidence, if disclosed and used effectively, may make

the difference between conviction and acquittal.  *See Napue v. Illinois*, 360 U.S. 264, 269 (1959)

("The jury's estimate of the truthfulness and reliability of a given witness may well be

determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of

the witness in testifying falsely that a defendant's life or liberty may depend.").

In acknowledging that the prosecution has a duty to disclose any favorable evidence that

could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose

any favorable evidence that could be used "in obtaining further evidence." *See Giles v. Maryland*, 386 U.S. 66, 74 (1967).  Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. *See United States v. Gleason*, 265 F. Supp. 850, 886 (S.D.N.Y. 1967); *Sellers v. Estelle*, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981) (stating evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence); *United States v. DeLeon*, No. CR 15-4268 JB, 2017 U.S. Dist. LEXIS 17811 (D.N.M. Feb. 8, 2017) (noting the obligation to disclose favorable evidence "to the defense may arise more broadly under a prosecutor's ethical or statutory obligations").

The Supreme Court has never precisely pinpointed the time at which the disclosure under *Brady* must be made.  It is abundantly clear, however, that delayed disclosure by the government, may "meaningfully alter a defendant's choices" or prevent the defense from effectively using the disclosed information. *See United States v. Burke*, 571 F.3d 1048, 1053-56 (10th Cir. 2009) (citing *Leka v. Portuondo*, 257 F.3d 89, 101 (2d Cir. 2001)) ("the belated disclosure of *Brady* material 'tend[s] to throw existing strategies and [trial] preparation into disarray.'") (citing *United States v. Devin*, 918 F.2d 280, 290 (1st Cir. 1990)) (explaining that a *Brady* violation would occur if delayed disclosure altered defense strategy and timely disclosure would likely have resulted in a more effective strategy). Manifestly a more lenient disclosure burden on the government would "eviscerate the purpose of the *Brady*." *See id*. at 1054.

Furthermore, much of the documentary information requested in this motion is discoverable pursuant to Rule 16(a)(1)(C), as being material to the preparation of the defendant's defense. The defense is informed and believes that at least one informant, possibly more, will be

11

a lead prosecution witness in this case. That informant(s) may have been a participant in the alleged wrongdoing charged in the indictment. This informant(s), it is believed, may have a criminal record and/or background, and may have a history of violence and substance abuse. It is imperative for the defense to be prepared for trial to have information concerning the circumstances and nature of this informant's and any other informant's relationship with state or federal agencies and officials. If the government is not aware of the existence of the requested information, then it should be required to so respond so the defense can independently investigate and obtain the needed information. The government's response may also include information which will require the defense to travel to investigate and may require Rule 17 subpoenas from this or other courts for documents.

Counsel attempted to contact the Government for its position on this motion, however, as of the date and time of the filing of this motion has not received a response, and opposition is presumed.

The disclosures requested herein should be made at least 45 days prior to trial so that appropriate defense preparation can be made. Failure of the government to provide such information will deny defendant the opportunity to adequately prepare for this case, which constitutes a denial of due process and effective assistance of counsel.

Due to the nature of the motion, the government's position was not sought. The defense presumes the government opposes.

Respectfully Submitted,

/s *electronically submitted*
Amy Sirignano, Esq.
5901J Wyoming Blvd. NE #250
Albuquerque, NM 87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com


s/ *Christopher W. Adams*
Christopher W Adams
102 Broad Street
Suite C
Charleston, SC 29401
(843) 577-2153
(877) 883-9114
adams.c@me.com

Co-counsel for Christopher Garcia


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing
was served via Court's CM/ECF system on
AUSAs Maria Y. Armijo, Randy M.
Castellano, and Matthew Beck, counsel for
the government, on this 28th day of
February, 2017.

   /s
Amy Sirignano, Esq.